[Civ. No. 11790.   First Dist., Div. Two.   Jan. 22, 1942.]

CLARENCE DUBBS et al., Appellants, v. NELLIE SWEETLAND et al., Defendants; EUGENE SWEETLAND, a Minor, etc., Respondent.

William H. Hollander and Nathan Kessler for Appellants.

Weinmann, Quayle & Berry for Respondent.

NOURSE, P. J.—Plaintiffs sued for personal injuries to three fingers of the right hand of plaintiff Bernice Dubbs alleged to have occurred when the fingers were caught between the open door of the car which she was entering and the side of defendant's car. The cause was tried to a jury and defendants had a verdict. The defendant Eugene Sweetland, a minor, was operating the car with the consent of the owner, and we will refer to him hereafter as the defendant.

Both cars were parked in a public parking lot with a space

of about one foot between them. Plaintiff entered on the right hand side of her car, opened the door and attempted to close it with three of her fingers on the outer rim of the door. As she was entering her car, the car of defendant moved forward and her fingers were caught between the door and the left side of defendant's car.

The appellants rest their appeal from the judgment on the statement that the evidence without conflict established defendant's negligence and the absence of contributory negligence on their part. They also complain of one of the instructions submitting to the jury the issue of contributory negligence on the ground that there was no evidence to support that plea.

The appeal does not present any debatable question of law. ▮ The evidence offered by appellants discloses that the parking lot was well lighted at the time, that Mrs. Dubbs was well aware of the narrow space between the two cars and might have observed that the defendant was seated in his car preparing to start forward, that she witnessed her husband and two sons entering the car before her, and that when she attempted to close the front door she grasped the outer rim with her fingers instead of the inside handle specially installed thereon for that purpose. From this evidence alone the jury might have inferred that she carelessly chose the dangerous method of closing the door instead of the safe one, which was available and more efficient.

The entire argument of appellants rests upon the theory that defendant was negligent and Mrs. Dubbs was not negligent as matters of law. But the evidence is conflicting upon both issues. As the evidence and inferences of contributory negligence supported the defendant's plea of that issue, the instruction on that subject was properly given.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.